UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Patricia Kane,

    Petitioner,

    v.                                  Civil Action No. 2:18–cv–70–cr–jmc

Howard, State Judge, Bennington County;
Goldstein, St. Albans Office of Probation &
Parole; Lisa Menard, Commissioner,
Department of Corrections,

    Respondents.

## REPORT AND RECOMMENDATION
(Docs. 1, 2)

Petitioner Patricia Kane, proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus. (Doc. 1.) In her one-page Petition, Kane alleges that on February 13, 2017, she was hospitalized due to cardiac stress. (*Id.*) As a result of her hospitalization she was "unable to attend a 'jury draw' in Bennington concerning a check that was '<u>returned</u>' in February 2014, when, [Kane] was incarcerated for 'custodial interference.'" (*Id.* (emphasis in original)). Kane has also filed an Application for Leave to Proceed *in Forma Pauperis*. (Doc. 2.) In her Petition, Kane makes vague claims for relief, including relief from malicious prosecution, unlawful arrest, and unlawful confinement, but she never alleges that she has been charged with a crime as a result of missing the jury draw or that she is, in fact, confined. (*See* Doc. 1.) As set forth below, I recommend that her Petition be DISMISSED without prejudice.

I.   **Standard of Review**

A Court may entertain a petition for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Under Rule 4 of the Rules Governing Section 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000).  The Court is obliged, however, to construe *pro se* pleadings liberally and to interpret them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001).  Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

II.   **Discussion**

   A.   **Lack of Jurisdiction**

Kane's Petition fails to allege that the she has been convicted of any crime that could be reviewed by a court or that she is even in custody.  (*See generally* Doc. 1.)  Thus, if her Petition is brought under the authority of 28 U.S.C. § 2254, it is barred for lack of a final judgment. *Burton v. Stewart*, 549 U.S. 147, 156 (2007)

("Final judgment in a criminal case means sentence. The sentence is the judgment." (internal quotation marks omitted)). Alternatively, jurisdiction to issue a writ of habeas corpus *before* a judgment of conviction is rendered in a state criminal proceeding may lie under 28 U.S.C. § 2241(c)(3). *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *Moore v. DeYoung*, 515 F.2d 437, 442, 443 (3d Cir. 1975). To invoke habeas corpus review under § 2241, the petitioner must satisfy two jurisdictional requirements: (1) under the status requirement, the petitioner must be "in custody," and (2), for the substantive requirement, the petitioner must challenge the legality of his or her custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). In this case, because Kane's Petition fails to allege either the existence of a final judgment or that she is in custody and that her custody is in violation of the federal constitution or laws and treaties of the United States, the Court lacks jurisdiction.

    **B.**    **Exhaustion of State Remedies**

Moreover, Kane's Petition suffers from another fatal flaw. Before a habeas petitioner can seek federal habeas relief, § 2254 requires exhaustion of all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). A habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." § 2254(c). In other words, if the State provides a procedure, a habeas petitioner must take advantage of that

3

procedure before coming to federal court. The state judicial system must be given the first opportunity to review the errors raised by a petitioner before a federal court may review a petition for a writ of habeas corpus brought under § 2254. *See Cotto v. Herbert*, 331 F.3d 217, 237 (2d Cir. 2003).

This reasoning applies with equal force if Kane's Petition is brought under the authority of 28 U.S.C. § 2241. Section 2241 petitioners are not statutorily required to exhaust state court remedies, but "an exhaustion requirement has developed through decisional law, applying principles of federalism." *Moore*, 515 F.2d at 442. Further, while a court may have jurisdiction under § 2241 to entertain a pretrial habeas petition, relief is not warranted where "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden*, 410 U.S. at 489 (quoting *Ex parte Royall*, 117 U.S. 241, 253 (1886)). Kane makes no showing of any special circumstances to warrant review of a pretrial accusation or even that she has attempted to exhaust her state remedies. Therefore, her Petition is barred by her failure to exhaust.

### C.    Incorrectly Named Respondents

Finally, Kane names "Judge Howard," the "St. Albans Office of Probation and Parole," and "Goldstein, St." as Respondents, in addition to "DOC Commissioner of Vermont Lisa Menard." In the event Kane can satisfy the requirement that she is in custody, only Commissioner Menard is the proper respondent. *See* 28 U.S.C. § 2254 Habeas Rule 2(a). All others should be dismissed.

## **Conclusion**

Based on the foregoing, I recommend that Kane's habeas corpus Petition (Doc. 1) be DISMISSED without prejudice. I further recommend that her Application for Leave to Proceed *in Forma Pauperis* (Doc. 2) be DENIED as Kane has failed to submit an affidavit as required by 28 U.S.C. § 1915(a)(1).

Burlington, in the District of Vermont, this 30th day of April 2018.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).