UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2018 JUN 21 AM 8: 55

CLERK

BY_____
DEPUTY CLERK

| | |
|---|---|
| PATRICIA KANE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-70 |
| ) | |
| VERMONT STATE JUDGE HOWARD, ) | |
| BENNINGTON COUNTY; GOLDSTEIN, ) | |
| ST. ALBANS OFFICE OF PROBATION & ) | |
| PAROLE; and LISA MENARD, ) | |
| COMMISSIONER, VERMONT ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Respondents. ) | |

## OPINION AND ORDER
## ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Docs. 1, 2, & 3)

This matter came before the court for a review of the Magistrate Judge's April 30, 2018 Report and Recommendation (the "R & R"). (Doc. 3.) On April 13, 2018, self-represented Petitioner Patricia Kane filed a motion to proceed *in forma pauperis* and a one-page petition for writ of habeas corpus, wherein she alleges malicious prosecution, unlawful arrest, and unlawful confinement. (Docs. 1 & 2.) In the R & R, the Magistrate Judge recommended that the court dismiss Petitioner's petition on the basis that she failed to allege facts establishing the court's jurisdiction, and alternatively because she failed to exhaust her state court remedies. The Magistrate Judge also recommended that the court deny Petitioner's motion to proceed *in forma pauperis* because she did not include an affidavit as required. None of the parties has filed an objection to the R & R, and the time to do so has expired.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir.

1999). The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his five page R & R, the Magistrate Judge carefully considered the petition and determined that Petitioner failed to set forth facts establishing the court's jurisdiction because she neither alleged that she was convicted of a crime nor that she is in custody. *See Ogunwomoju v. United States*, 512 F.3d 69, 73 (2d Cir. 2008) (quoting 28 U.S.C. § 2254(a)) ("A petitioner must be 'in custody' in order to invoke habeas jurisdiction of the federal courts."). In the alternative, observing that Petitioner has not demonstrated that the Vermont Supreme Court has had an opportunity to review the alleged errors contained in her petition, the Magistrate Judge concluded that Petitioner failed to exhaust her state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[] . . . the applicant has exhausted the remedies available in the courts of the State"). To the extent that Petitioner names as respondents a Vermont trial court judge and an officer from the Vermont Office of Probation and Parole, the Magistrate Judge correctly recommended that the court dismiss Petitioner's claims against those defendants. *See* 28 U.S.C. § 2254, Rule 2(a) (requiring that a petitioner's habeas petition "must name as respondent the state officer who has custody"); *see also David Hill v. New York*, 2011 WL 2671506, at *1 (W.D.N.Y. July 8, 2011) (same).

With respect to Petitioner's motion for leave to proceed *in forma pauperis*, the Magistrate Judge properly recommended that the court deny the motion because Petitioner failed to comply with the requirements of 28 U.S.C. § 1915(a)(1). *See id.* (requiring movant to "submit[] an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.").

The court finds the Magistrate Judge's conclusions well-reasoned and consistent with the applicable law.

## CONCLUSION

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's April 30, 2018 R & R (Doc. 3) and DENIES and DISMISSES Petitioner's petition for writ of habeas corpus (Doc. 1). Petitioner's motion for leave to proceed *in forma pauperis* is DENIED (Doc. 2).

Pursuant to Fed. R. App. P. 22(b)(1) and 28 U.S.C. § 2253(c)(2), the court DENIES Petitioner a certificate of appealability in this matter because Petitioner has failed to make a substantial showing of the denial of a constitutional right.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 21th day of June, 2018.

Christina Reiss, District Judge
United States District Court